THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAI HSAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-20-1178-R |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action seeking a writ of habeas corpus, alleging continued detention by the Department of Homeland Security while awaiting removal from the United States. The Court previously referred the matter to United States Magistrate Judge Gary M. Purcell for preliminary review. The Court hereby withdraws the reference for purposes of addressing Respondent's Motion to Dismiss (Doc. No. 14), to which no response has been filed by Petitioner despite instructions from Judge Purcell setting forth a deadline of March 2, 2021 for a response. (Doc. No. 15). Upon consideration of Respondent's Motion, the Court hereby DISMISSES the Petition as MOOT.

According to the Respondent, on January 8, 2021, Immigration and Customs Enforcement released Petitioner from custody pending his removal, the relief requested in the November 16, 2020 Petition. A case is rendered moot if an event occurs during the pendency of an action "that makes it impossible for the court to grant any effectual relief." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) internal quotations and

citations omitted). Petitioner requested a single avenue of relief, release pending removal, which he has received, raising the issue of mootness.

Petitioner's release from custody does not automatically moot this action., because he was in custody at the time he filed the petition. *See Riley v. INS*, 310 F.3d 1253, 1257 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)). In *Riley*, the court set forth the exceptions.

> We will not *dismiss* a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir.2001); *see also Sosna v. Iowa*, 419 U.S. 393, 399, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Sibron v. New York*, 392 U.S. 40, 53, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); *Southern Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 729 (10th Cir.1997); *Oyler v. Allenbrand*, 23 F.3d 292, 294 (10th Cir.1994); *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 453 (10th Cir.1991).

*Id.* As in *Riley* the Court here questions the potential for Immigration and Customs Enforcement to resume Mr. Hsan's pre-removal detention upon dismissal of his case. Mr. Hsan, however, presents no arguments to the Court to counter Respondent's assertion that the petition is moot. Accordingly, the Court concludes that Mr. Hsan's release moots his challenge to the legality of his detention pending removal. *See also Truong Ly Van v. Gonzales*, No. CIV-06-1248-R, 2007 WL 275976 at *2 (W.D. Okla. 2007). Accordingly, Respondent's motion to dismiss is GRANTED.

For the reasons set forth herein, Respondent's Motion to Dismiss is GRANTED. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 4th day of March 2021.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE